<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEEKY BABY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>IDEA VILLAGE PRODUCTS, CORP.<br><br>Defendant. | Civil Action No. 15-3454 (JLL) (JAD)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendant Idea Village Products, Corp. ("Defendant")'s motion to dismiss or in the alternative stay Plaintiff Geeky Baby ("Plaintiff")'s Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9). The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court **GRANTS IN PART** Defendant's motion.

**I. BACKGROUND**[1]

Plaintiff is a limited liability company organized and located in Miami Beach, Florida. (Comp. at ¶ 1). Defendant is a corporation organized and located in Wayne, New Jersey. (*Id.* at ¶ 2). Plaintiff and Defendant entered into a Marketing Agreement ("The Agreement") dated

---

[1] The following facts are taken as true solely for the purposes of this motion.

August 15, 2013 and an addendum ("The Addendum") thereto on July 25, 2014. (*Id.* at ¶ 3). Plaintiff was formed to develop, market and sell a "single-piece case plastic loom which is used to create rubber band bracelets and other items," known as "FunLoom". (*Id.* at ¶ 8). The Agreement called for Defendant to pay royalties to Plaintiff for all sales of FunLoom. (*Id.* at ¶ 12). Plaintiff alleges that Defendant failed to pay these royalties. (*Id.* at ¶ 13). Further, Plaintiff contends that Defendant was only allowed to "offer for sale a refill package of bands consisting of a multi-colored variety pack of solid colored hybrid silicone and rubber replacement bands." (*Id.* at ¶ 14). Plaintiff alleges that Defendant breached this limitation set forth in the Agreement by selling 100% silicone bands and by selling colors and styles of bands it was not authorized to sell. (*Id.* at ¶15).

The parties attempted to resolve these issues by entering into the Addendum which left intact Defendant's responsibility to pay royalties going forward, but did decrease the royalty amount for international sales only. (*Id.* at ¶¶ 17-18). The Addendum further required Defendant to pay a lump sum of $100,000 for royalties related to replacement bands, though this amount was contingent upon Defendant's representation as to the accuracy of certain sales figures for replacement bands. (*Id.* at ¶ 19). The Addendum further required a lump sum of back royalties for the FunLoom in the amount of $151,895. (*Id.* at ¶ 20). The Addendum required Defendant to pay Plaintiff a non-recourse royalty in the amount of $10,000 per month for at least six (6) months beginning in June of 2014. (*Id.* at ¶ 21). Finally, the Addendum included an obligation for Defendant to use its best efforts to assist Plaintiff in selling its remaining inventory of FunLoom products not manufactured in conjunction with Defendant. (*Id.* at ¶ 22).

Since the Addendum was signed, Defendant paid only three (3) $10,000 non-recourse royalty to Plaintiff. (*Id.* at ¶ 23). Defendant failed to pay the other three (3) non-recourse

payments, royalties as agreed on regarding FunLoom product sales, and Defendant has not used its best efforts to assist Plaintiff in its selling of remaining inventory of FunLoom products. (*Id.* at ¶¶ 23-25). Moreover, Plaintiff alleges that the sales figures provided to the Addendum are inaccurate and created false representations upon which the Addendum was made. (*Id.* at ¶ 26). Plaintiff alleges that except as explicitly changes, the Addendum left intact the language of the original Agreement. (*Id.* at ¶ 27). In addition to the alleged breaches of the Agreement that led to the execution of the Addendum, there were other obligations of Defendant under the Agreement which have been breached. (*Id.* at ¶ 28).

Plaintiff alleges that in direct violation of the Agreement, Defendant has marketed, advertised, distributed and sold competing products known as the "Mini-FunLoom" and the "Pocket-Loom". (*Id.* at ¶ 31). The Agreement also required FunLoom products produced by Plaintiff to be promoted on all instructional materials and replacement band packaging. (*Id.* at ¶32). Specifically, products from FunLoomPlus.com were to be promoted on these materials and the FunLoomPlus.com URL was to be printed on these materials. (*Id.*) The products to be promoted included "premium" replacement bands available exclusively through Plaintiff. (*Id.*) Plaintiff alleges that Defendant breached this obligation as well. (*Id.*) Moreover, all packages of replacement band not provided by Plaintiff were to be marked as "standard" bands, in contrast to the "premium" bands offered by Plaintiff. (*Id.* at ¶ 33). Plaintiff contends that Defendant breached this obligation as well. (*Id.*). Finally Plaintiff alleges that Defendant breached the Agreement by failing to make timely payments or royalties, as well as failing to provide sales reports within seven (7) days of the end of each month. (*Id.* at ¶¶ 34-35).

In June of 2014, Choon's Design LLC ("Choon's"), a company that marketed and sold a competitor product known as the Rainbow Loom, alleged that the FunLoom was an infringement

of the intellectual property of Choon's. (*Id.* at ¶¶ 36-38). Defendant was made aware of Choon's infringement claims prior to the execution of Agreement. (*Id.* at ¶ 39). On August 19, 2013, Choon's filed a complaint in the Eastern District of Michigan against Plaintiff, Zenacon, LLC (the inventor of the FunLoom), and Steven Verona (employee of Zenacon), alleging in part that the importation, offer for sale, sale, advertisement and distribution of FunLoom directly and indirectly infringed the corresponding Rainbow Loom patent and diluted the corresponding trademark registration. (*Id.* at ¶ 40). Subsequently, Defendant was added as a party to the Choon's lawsuit upon the allegation that the FunLoom infringed upon an additional patent. (*Id.* at ¶ 41). Recently, Verona, Zenacon and Plaintiff settled the Choon's lawsuit, but the suit remains pending against Defendant.

Plaintiff asserts the following causes of action against Plaintiff: (1) Breach of Marketing Agreement; (2) Declaratory Judgement; (3) Breach of Marketing Addendum; (4) Indemnification; and (5) Trademark Violation.

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a) (2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips*

*v. County of Allegheny*, 515 F.3d 224, 234 (3rd Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twomblv*, 55 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id*. Additionally, in evaluating a plaintiffs claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3rd Cir. 1994).

### III. DISCUSSION

#### A. Motions Before the Court

##### 1. Defendant's Motion

Defendant argues that dismissal is warranted on the following grounds: (1) Plaintiff's indemnification claim is not ripe for adjudication while the underlying infringement action is pending and should be dismissed or in the alternative, stayed; and (2) The Court should exercise its discretion and decline jurisdiction over Plaintiff's related declaratory judgement, trademark violation and breach of contract claims.

##### 2. Plaintiff's Opposition

Plaintiff refutes Defendant's argument by stating that: (1) Defendant cites no authority that supports the stay or dismissal of Plaintiff's indemnification action; (2) There is no basis to stay or dismiss Plaintiff's remaining causes of action; and (3) Plaintiff's settlement of the Choon's case does not violate its agreements with Defendant.

#### B. Analysis

The ripeness doctrine "serves to 'determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'" *Khodara Envtl., Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004) (*quoting Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003)). Ripeness prevents courts from "entangling themselves in abstract disagreements" and rendering opinions that "advis[e] what the law would be on a hypothetical state of facts." *Surrick v. Killion*, 449 F.3d 520, 527 (3d Cir. 2006). By abstaining from deciding a case until it is ripe, a court ensures that it will decide only "a real and substantial controversy admitting of specific relief through a decree of a conclusive character." *Id.*

To determine whether a case is ripe, courts "generally examine: '(1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration.'" *Khodara Envtl., Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004) (quoting *Peachlum*, 333 F.3d at 434) (additional internal quotation marks and citation omitted). In assessing the ripeness in the declaratory relief context, the Third Circuit considers whether: "(1) the parties must have adverse legal interests; (2) the facts must be sufficiently concrete to allow for a conclusive legal judgment, and (3) the judgment must be useful to the parties." *See Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990). The conclusiveness prong of the ripeness inquiry addresses "whether the parties' rights will be definitively decided by a declaratory judgment." *Step-Saver*, 912 F.2d at 649 n.9.

Defendant argues that this Court should stay these proceedings because final resolution of the Underlying Infringement Action is necessary in order to adjudicate Plaintiff's claims, as well as Defendant's defenses and putative counterclaims, including the respective claims of Plaintiff and Defendant against the other for indemnification arising out of the Choon Infringement

Action. Defendant notes that Plaintiff agreed to "indemnify, release and hold [Defendant] harmless from and against any and all claims, lawsuits, costs (including reasonable external attorney's fees and expenses), liabilities, damages, fines, settlements, loses or other expense incurred by or asserted against [Defendant] arising from (i) Licensor's breach of any of the representations, warranties or covenants in this Agreement, including, but not limited to third party infringement claims ...." (*See* Comp. Ex A). Defendant contends that Plaintiff's Complaint, containing claims for indemnification, declaratory relief, trademark violation and breach of contract, is not ripe for judicial review while the Choon Infringement Action is pending. Defendant asserts that even if Plaintiff's claims were deemed ripe for adjudication by this Court, there are sound policy reasons dictating that this Court should exercise its discretion and dismiss or stay this action pending final resolution of the Choon Infringement Action.

Plaintiff responds to Defendant's arguments by stating that Plaintiff's indemnification claim is not contingent on the Choon lawsuit. Plaintiff argues that because Plaintiff has already settled its portion of the Choon lawsuit, Plaintiff's costs and liability from said lawsuit are already set. Therefore, Plaintiff argues, there is nothing contingent about Plaintiff's indemnification claim and waiting of the Choon litigation to conclude will add nothing to the determination of Plaintiff's claim.

The Court agrees with Defendants that this case should be stayed pending the outcome of the Choon lawsuit. As Defendant notes, should Defendant prevail on the merits in the Choon Infringement Action, there would be no basis for Plaintiff's claim for indemnification against Defendant, notwithstanding its settlement with Choon. However, an adverse finding against Defendant in the Choon Infringement Action may give rise to a claim by Defendant for indemnification against Plaintiff, which represented and warranted to Defendant that Plaintiff

was the rightful owner of the intellectual property at issue both in the Choon Infringement Action and in this case. Defendant notes, and the Court agrees, that this Court would be rendering nothing more than an "if/then" declaratory decision, which would be improper in this instance. Given the contingent nature of the claims, this Court hereby stays this action pending the outcome of the Choon lawsuit in the Eastern District of Michigan. Once a decision has been rendered in the Choon lawsuit, the stay in this case may be lifted in order for the Court to adjudicate the remaining claims on their merits.

## IV. CONCLUSION

For the reasons set forth above, this action is hereby stayed pending resolution of the underlying patent and trademark infringement action pending in the Eastern District of Michigan.

Date: August 21, 2015

Jose L. Linares
United States District Judge