**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **GEEKY BABY, LLC,** | |
| **Plaintiff,** | **Civil Action No. 15-3454 (JLL) (JAD)** |
| **v.** | **OPINION** |
| **IDEA VILLAGE PRODUCTS, CORP,** | |
| **Defendant.** | |

JOSE L. LINARES, U.S.D.J.

This matter comes before the Court upon Plaintiff Geeky Baby, LLC's Objection to United States Magistrate Judge Joseph A. Dickson's July 14, 2016 Order denying Plaintiff's Motion to Lift the Stay that was entered by this Court on August 21, 2015. (ECF No. 24.) In accordance with Federal Rule of Civil Procedure 78, the Court did not hear oral argument on Plaintiff's application. After having carefully considered the parties' submissions, for the reasons below, the Court vacates Judge Dickson's July 14th Order and modifies its prior Order staying this case. In short, the Court shall lift the stay for the breach of contract, declaratory judgment, and trademark violation claims (Counts One, Two, Three, and Five) but the stay shall remain in place for the indemnification claim (Count Four).

### BACKGROUND[1]

---

[1] Because the facts of this matter are not in dispute, and set forth at length in the Court's August 21, 2015 Opinion (ECF No. 14 at 1–4), the Court provides them in summary fashion as necessary to provide context for this Court's review. The Court accepts the allegations in the Complaint as true solely for purposes of this Opinion.

Plaintiff Geeky Baby, LLC ("Geeky" or "Plaintiff") and Defendant Idea Village Products, Corp. ("Idea Village" or "Defendant") entered into an agreement concerning the development, marketing, and sale of a "single-piece case plastic loom which is used to create rubber band bracelets and other items," known as "FunLoom" in August 2013 (the "Agreement") and an addendum thereto in July 2014 (the "Addendum"). The Agreement provided that Idea Village was to pay certain royalties to Geeky and to sell only certain types of replacement bands. A dispute arose between the parties, and they entered into the Addendum in an effort to resolve it. As part of the Addendum, Idea Village provided certain sales figures to Geeky, on which the Addendum relied.

Separately, Choon's Designs, LLC ("Choon's") marketed and sold a product known as the Rainbow Loom, which is a competitor to the Fun Loom. Choon's initiated a lawsuit in the Eastern District of Michigan in August 2013, alleging patent and trademark infringement (the "Choon's Lawsuit"). Both Geeky and Idea Village were named as parties in the Choon's Lawsuit. Geeky advised Idea Village of the potential of the Choon's lawsuit prior to Geeky and Idea Village entering into the Agreement. Geeky ultimately settled with Choon's, but Idea Village did not.

On May 19, 2015, Geeky commenced an action in this Court against Idea Village, alleging breach of the Agreement and Addendum, premised, in large part, on a failure to pay royalties (Counts One and Three); seeking declaratory judgment that certain changes made in the Addendum are void on account of Idea Village providing false sales data (Count Two); indemnification related to the Choon's lawsuit (Count Four); and trademark infringement related to Idea Village's sale of competing products, such as the "Mini-FunLoom" (Count Five). (ECF No. 1.)

On August 21, 2105, in response to Idea Village's motion, this Court entered a stay in this matter "pending resolution of the underlying patent and trademark infringement action pending in the Eastern District of Michigan." (ECF No. 15; Case No. 2:13-cv-13568 (E.D. Mich.).) This Court's analysis was premised almost entirely on the contingent nature of the indemnification claims:

> The Court agrees with Defendants that this case should be stayed pending the outcome of the Choon lawsuit. As Defendant notes, should Defendant prevail on the merits in the Choon Infringement Action, there would be no basis for Plaintiff's claim for indemnification against Defendant, notwithstanding its settlement with Choon. However, an adverse finding against Defendant in the Choon Infringement Action may give rise to a claim by Defendant for indemnification against Plaintiff, which represented and warranted to Defendant that Plaintiff was the rightful owner of the intellectual property at issue both in the Choon Infringement Action and in this case. Defendant notes, and the Court agrees, that this Court would be rendering nothing more than an "if/then" declaratory decision, which would be improper in this instance. Given the contingent nature of the claims, this Court hereby stays this action pending the outcome of the Choon lawsuit in the Eastern District of Michigan. Once a decision has been rendered in the Choon lawsuit, the stay in this case may be lifted in order for the Court to adjudicate the remaining claims on their merits.

(ECF No. 14, at 7–8.)

On January 21, 2016, Geeky filed a Motion to Lift the Stay. (ECF No. 17). Geeky argued that "[t]he Eastern District of Michigan has now ruled on claim construction in the Choon Infringement Action . . . [which] severely dilute any connection between this case and the Choon case. Specifically, it eliminates the contingent nature of Defendant's potential indemnification counterclaim." (ECF No. 17-2, at 2). "More specifically, Defendant's potential counterclaim for indemnification is completely undone by the ruling in the Choon case." (*Id.* at 4.) More generally, "Geeky Baby cannot have violated any representations it made to Idea Village with regard to patent infringement at the time the Marketing Agreement was executed, because it has now been held

that the FunLoom did not infringe on any patent in existence at that time. Therefore, Idea Village can have no indemnification claim." (*Id.*) Accordingly, Geeky moved this Court to "exercise its discretion to lift the stay, even if it does so solely with regard to all claims other than those for indemnification. There are two reasons for this: (1) the claims other than indemnification are not contingent upon anything that can happen in the Choon Patent Litigation; and (2) the prejudice to Plaintiff from an indefinite stay is exceptionally high." (*Id.* at 6.)

In opposition to Geeky's Motion to Lift the Stay, Idea Village argued that "[w]hile it is true that the Court has made rulings in favor of IdeaVillage – rulings which undercut Geeky's indemnification claims in this action predicated on an ill conceived settlement, the recent claims construction ruling in the Underlying Infringement Action is not a final order." (ECF No. 18, at 1.) Defendant contested Plaintiff's assertion that the stay prejudices Plaintiff and argued that "[t]he stay serves both the Parties' and the Court's interests to avoid inconsistent rulings. The Underlying Infringement Action has not been fully and finally resolved. Until such time, the stay should remain in place to prevent what would essentially b[e] an improper 'if/then' declaratory decision." (*Id.* at 5.) Defendant further argued that Plaintiff's request for a partial stay should be denied "[b]ecause an adverse ruling against IdeaVillage in the Underlying Infringement Action based on a finding that Fun Loom infringed upon Choon's patent and trademarks would not only impact Geeky's claim for indemnification, it would also impact Geeky's claims for declaratory judgment, trademark violation and breach of contract against IdeaVillage, which all turn upon Geeky's patent and trademark rights and whether it violated its corresponding representations and warranties to IdeaVillage under the subject Agreement." (*Id.* at 6.)

Plaintiff replied arguing, among other things, that a partial stay is appropriate because "the contingent nature of these claims is at least undermined (and we contend eliminated) by the claim

construction ruling, and that significant prejudice is occurring to the Plaintiff[.]" (ECF No. 19, at 6.)

On July 14, 2016, United States Magistrate Judge Joseph A. Dickson entered an Order denying Geeky's Motion to Lift the Stay. (ECF No. 23.) Judge Dickson noted that this Court, in its discretion, "did not stay this matter pending the decision of particular patent claims in the Eastern District of Michigan, but rather the <u>action</u> in its entirety." (*Id.* at 4.) Judge Dickson concluded that

> although the decision of particular patent claims in the Eastern District of Michigan may ultimately impact this matter, the condition of Judge Linares' ruling staying this matter—"pending resolution of the underlying patent and trademark infringement action"—has not been met. The application of estoppel doctrines to a finding in the Michigan action, involving different parties, that fails to <u>resolve</u> the entire matter is too tenuous to conclude that Judge Linares' condition has been met[.]

(*Id.*)

On July 26, 2016, Geeky timely filed an appeal of Judge Dickson's July 14th Order pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Local Civil Rule 72.1(c)(1)(A). (ECF No. 24 ("Geeky Br.").) On August 23, 2016, Idea Village filed opposition. (ECF No. 25 ("IV Br.").) The matter is now ripe for adjudication.

## LEGAL STANDARD

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," and "may reconsider any [such] matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b). Similarly, Federal Rule of Civil Procedure 72(a) provides that, for "pretrial matter[s] not dispositive of a party's claim or defense [that are] referred to a magistrate judge to hear and decide, . . . [t]he district judge in the case must consider timely objections and modify or set aside any part

of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The same "clearly erroneous or contrary to law" standard is set forth in this District's Local Civil Rules. *See* L. Civ. R. 72.1(c)(1)(A) (stating that a district judge shall "set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.").

"A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bobian v. CSA Czech Airlines*, 222 F. Supp. 2d 598, 601 (D.N.J. 2002) (citation and internal quotation marks omitted). A ruling is "contrary to law if the Magistrate Judge [has] misinterpreted or misapplied applicable law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

## DISCUSSION

Geeky objects to Judge Dickson's July 14th Order on grounds that it "fails to consider the arguments forwarded by Plaintiff in its briefs, and excludes the possibility that any developments in the Choon litigation could possibly warrant a reconsideration of the stay, unless the whole case is completely over." (Geeky Br. at 2.) Geeky argues that Judge Dickson failed to "meaningfully weigh[]" the legal reasons underpinning the entry of the stay in the first play and the prejudice to Geeky caused by continuing the stay. (*Id.* at 2–3.)

In opposition, Idea Village contends that "Geeky's argument that Judge Dickson did not fully consider Geeky's prejudice is simply not correct and otherwise does not meet the 'clearly erroneous' standard." (IV Br. at 3.) Idea Village reiterates its arguments from the underlying motion, and notes that

> an adverse ruling against IdeaVillage in the Underlying Infringement Action based on a finding that Fun Loom infringed upon Choon's patent and trademarks would not only impact Geeky's claim for indemnification, it would also impact Geeky's

claims for declaratory judgment, trademark violation and breach of contract against IdeaVillage, which all turn upon Geeky's patent and trademark rights and whether it violated its corresponding representations and warranties to IdeaVillage under the agreement at issue in Geeky's complaint. . . . Geeky cannot proceed with a claim for breach of contract for unpaid royalties *when* the District Court in the Eastern District of Michigan *may* find that Geeky misrepresented to IdeaVillage its rights to the product[.]

(*Id.* at 6–7.)

The Court does not find that Judge Dickson's Order was clearly erroneous or contrary to law, as Judge Dickson correctly applied the facial terms of this Court's August 21, 2015 Stay Order. Nevertheless, given this Court's broad, inherent power on this issue, it shall vacate Judge Dickson's Order and amend the August 21, 2015 Stay Order. As correctly noted by Judge Dickson, "[i]t is well-established that a District Court maintains 'broad power to stay proceedings.'" *Garcia v. Ocean Cty.*, No. 07-5665 (FLW), 2011 WL 1375683, at *2 (D.N.J. Apr. 12, 2011) (quoting *Bechtel Corp., v. Local 215 Laborers' International Union of North America*, 544 F.2d 1207, 1215 (3d Cir. 1976)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

The Court has reconsidered the stay in this matter and concludes that it should be modified in the interests of justice and efficiency. In short, the Court agrees with Geeky that the recent claim construction rulings—which in essence state that FunLoom did not infringe on any RainbowLoom patent in existence at the time FunLoom was created—severely undermine the connection between this litigation and the Choon's litigation. For example, Geeky's claim for declaratory judgment (Count Two) is premised largely in part on Idea Village purportedly

providing false sales data to Geeky. It is unclear how facts relating to historical sales data provided by Idea Village to Geeky is implicated by a claim that the FunLoom infringed Rainbow Loom patents. Likewise, trademark violations relating to Idea Village's alleged sale of competing products to FunLoom (Count Five), and whether Idea Village breached its obligations to pay certain royalties under the Agreement and Addendum (Counts One and Three) have a minimal connection to the Choon's litigation. However, the Court does agree that it is premature to allow the claim for indemnification (Count Five) to proceed, since that claim remains clearly intertwined with the Choon's litigation.

The Court notes the fact-intensive nature of Geeky's claims, and the resultant need for discovery. Once the facts of this case are more fully developed (*i.e.*, at the close of discovery), the parties may revisit the need for a stay in light of the Choon's litigation.

Given the recent rulings in the Choon's lawsuit, the attenuated connection between the claims asserted here, and the prejudice alleged by Geeky as a result of the stay, the Court shall reopen this case and allow Counts One, Two, Three, and Five to proceed.

## CONCLUSION

For the reasons above, the Court vacates Judge Dickson's July 14th Order denying Geeky's Motion to Lift the Stay and amends its August 21, 2015 Stay Order. An appropriate Order accompanies this Opinion.

Date: September 12, 2016

Jose L. Linares
United States District Judge